UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| No. | 2:23-cv-00736-ODW (ASx) | Date | February 10, 2023 |
|---|---|---|---|
| Title | *Alkiviades David et al. v. Thomas Girardi et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Patricia Kim | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**

Plaintiffs apply ex parte for a temporary restraining order prohibiting Defendants from executing or collecting on certain judgments rendered in state court against Plaintiffs. (Ex Parte Appl. TRO ("Appl."), ECF No. 18.) For the following procedural reasons, the Court **DENIES** Plaintiffs' ex parte application.

1. <u>No Exigency</u>

"Ex parte applications are solely for extraordinary relief and should be used with discretion." (ODW Courtroom Rules[1] § VII.C.) A party seeking ex parte relief must establish: (1) why a motion cannot be calendared in a regular manner; (2) that the requesting party will be irreparably prejudiced if a motion is heard according to regular procedures; and (3) that the requesting party is without fault in creating the crisis that requires ex parte relief or that the crisis was due to excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "In other words, [an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.*

Here, Plaintiffs do not address any of these requirements, focusing the application solely on the merits of their request for a temporary restraining order. (*See generally* Appl.) Pursuant to *Mission Power*, this is grounds for denying the application.

---

[1] These rules are available at https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:23-cv-00736-ODW (ASx) | Date | February 10, 2023 |
|---|---|---|---|
| Title | *Alkiviades David et al. v. Thomas Girardi et al.* | | |

2. <u>No Notice to Defendants</u>

"Where notice could have been given to the adverse party," there exists only "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Thus, a party applying for ex parte relief must make "reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1. This notice requirement may be waived only "[i]f the judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice." C.D. Cal. L.R. 7-19.2. These restrictions are "stringent," and the "circumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing*, 452 F.3d at 1131 (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).

Here, Plaintiffs wholly fail to address whether the interest of justice requires that their ex parte application be heard without notice to Defendants. (*See generally* Appl.) Moreover, good cause to rule on the ex parte application without hearing from Defendants does not appear on the face of the application, nor the Complaint. Plaintiffs seek an order that would essentially stay certain judgments of state courts. (*Id.* at 2.) Setting aside the fact that Plaintiffs have provided the Court with no meaningful information about the nature of the state court judgments they wish to stay, the key observation here is that the judgments of those state courts were the product of proceedings conducted according to the safeguards of California's rules of procedure. This Court will not offend the traditional principle of comity between the state and federal courts by staying the judgment of a state court without first hearing from the judgment creditor on the matter.

3. <u>No Proposed Order</u>

Finally, Central District of California Local Rule 7-19 requires that an applicant lodge a proposed ex parte order. C.D. Cal. L.R. 7-19. The Court notes that Plaintiffs fail to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:23-cv-00736-ODW (ASx) | Date | February 10, 2023 |
|---|---|---|---|
| Title | *Alkiviades David et al. v. Thomas Girardi et al.* | | |

For these reasons, the Court **DENIES** Plaintiffs' Ex Parte Application for a Temporary Restraining Order.  (ECF No. 18.)

**IT IS SO ORDERED.**

                                                            : 00

Initials of Preparer    pk